**Satnam SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71450.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 20, 2007.

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John R. Cunningham, Esq., Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Satnam Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

The IJ found that, even assuming Singh's testimony was credible and that past persecution was established, the government submitted evidence establishing that Singh no longer had a well-founded fear of future persecution because of changed country conditions. The IJ's analysis of how changed country conditions affected Singh's specific situation was sufficiently individualized to provide substantial evidence for the conclusion that Singh failed to establish eligibility for asylum. *See id.* at 998–99.

Because Singh did not demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief because Singh did not establish that it is more likely than not that he will be tortured if he returns to India. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.